# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **XUYEN VO,** | : | CIVIL ACTION NO. 1:09-CV-1266 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT**, Warden, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Xuyen Vo[1] ("Vo"), challenging his unconstitutional federal conviction. He has paid the requisite filing fee. (Doc. 6.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## I.  Background[2]

In December, 2004, Vo was named in counts 2-5 of a multi count indictment in the United States District Court for the Eastern District Court of Pennsylvania. In October, 2005, he entered a plea of guilty to all counts. On May 1, 2008, he was

---

[1] Petitioner filed this action under the name of "Vo Xuyen." (Doc. 1). A search of the Administrative Office of the U.S. Courts PACER Service Center revealed that petitioner is identified in his criminal action as "Xuyen Bao Vo." See electronic docket sheet, United States v. Xuyen Bao Vo, # 2:04-cr-0767-PD-3, U.S. District Court for the Eastern District of Pennsylvania. Likewise, his name appears as "Xuyen Bao Vo" in the BOP inmate locator system See http://www.bop.gov/iloc2/LocateInmate.jsp. So as to be consistent with other federal records, his name has been changed on the docket to Xuyen Vo.

[2] The background has primarily been extracted from Vo's criminal action docket sheet, which the court obtained from the PACER Service Center. http://pacer.psc.uscourts.gov.

sentenced to a term of imprisonment of 156 months, five years of supervised release, a fine in the sum of $3,000, and a special assessment fee in the amount of $400.00. The judgment was entered on May 2, 2008. There has been no further activity on the district court docket since that date. See electronic docket sheet, United States v. Xuyen Bao Vo, # 2:04-cr-0767-PD-3, Docs. 737-38.) Vo filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 2, 2009.

**II.     Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings

2

render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the case *sub judice*, Vo has not pursued relief *via* 28 U.S.C. § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not yet completed the collateral remedy process. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       July 27, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **XUYEN VO,** | : | **CIVIL ACTION NO. 1:09-CV-1266** |
| Petitioner, | : | **(Judge Conner)** |
| v. | : | |
| **RONNIE HOLT**, Warden, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 27th day of July, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

                       S/ Christopher C. Conner
                       CHRISTOPHER C. CONNER
                       United States District Judge